**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| OEM Group Incorporated, | No. CV-13-01822-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Thompson Group Incorporated, et al., | |
| Defendants. | |

Defendants Thompson Group Incorporated and Raymon F. Thompson have filed a motion to dismiss.  Doc. 9.  No response has been filed.  Plaintiff OEM Group, Inc. has filed a motion for leave to file a first amended complaint.  Doc. 14.  That motion is fully briefed.   Defendants have also filed a request for summary adjudication, to which Plaintiff has responded.  Docs. 15, 17.  For the reasons that follow, the Court will grant the motion to amend and deny the motion to dismiss and the request for summary adjudication.

## I.      Background.

Plaintiff asserts that this litigation arises out of "Defendants' involvement in, and/or aiding and abetting multiple torts committed by Herbert Ötzlinger and SEMSYSCO."  Doc. 1, ¶ 8.  Plaintiff alleges that Defendants founded Semitool Austria GmbH in the late 1990s and that Mr. Ötzlinger was an employee of that entity.  *Id.*, ¶¶ 9, 12.  Semitool was apparently acquired in 2009 by another entity, Applied Materials, which then sold the stock and other specified assets of Semitool to OEM in May 2011.

*Id.*, ¶¶ 13-14.   The former Semitool became OEM Group Austria GmbH ("OEM Austria"), a subsidiary of Plaintiff.  Doc. 14-1, ¶ 19.  Plaintiff alleges that Mr. Ötzlinger resigned from OEM Austria on January 2, 2012 and incorporated a new entity known as SEMSYSCO on January 20, 2012.  Doc. 1, ¶¶ 15-18.  Plaintiff further alleges that Defendants "have an ownership interest in and control of SEMSYSCO."  *Id.*, ¶ 19. Plaintiff and Mr. Ötzlinger purportedly entered into an agreement in February 2012, releasing Mr. Ötzlinger from his employment and protecting Plaintiff's proprietary information.  *Id.*, ¶¶ 20-21.  Plaintiff contends that "[w]ithin months of the February agreement, SEMSYSCO began to offer for sale semiconductor cleaning systems that were nearly identical to the tools that took Semitool Austria, Applied Materials, and OEM years to develop."  *Id.*, ¶ 22.  Plaintiff also alleges that SEMSYSCO hired away several of its key employees, and has disrupted relationships with its clients and suppliers. *Id.*, ¶ 24, 27.  Plaintiff filed this action on September 5, 2013, asserting claims for aiding and abetting unfair competition, conspiracy to compete unfairly, aiding and abetting tortious interference with contract or business expectancy, conspiracy to tortuously interfere with contract or business expectancy, tortious interference with contract or business expectancy, aiding and abetting misappropriation of trade secrets, and conspiracy to misappropriate trade secrets.  *See id.*, ¶¶ 40-87.

## II.     Motion for Leave to Amend.

Plaintiff asks the Court for leave to amend its complaint pursuant to Rule 15(a)(2). Doc. 14 at 1.  Rule 15 makes clear that the Court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The policy in favor of leave to amend must not only be heeded, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with extreme liberality, *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001).  This liberality "is not dependent on whether the amendment will add causes of action or parties."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The Court may deny a motion to amend if there is a showing of undue delay or

bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendment.  *See Foman*, 371 U.S. at 182.  Generally, however, "this determination should be performed with all inferences in favor of granting the motion."  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).  A motion for leave to amend is futile if it can be defeated on a motion for summary judgment.  *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).  "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Miller*, 845 F.2d at 214; *see Foman*, 371 U.S. at 182 (stating that "[i]f the underlying facts or circumstances relied upon by a [movant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits"); *DCD Programs*, 833 F.2d at 186 (stating that "a motion to make an '[a]mendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim'") (quoting *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)).

Defendants argue that Plaintiff's proposed amendments would be futile.  Doc. 20 at 2.  Defendants contend that they do not have sufficient minimum contacts with Arizona to allow the Court to exercise personal jurisdiction.  Doc. 20 at 2.  The Ninth Circuit has established a three-part inquiry for specific jurisdiction: (1) has the defendant purposefully directed his activities at the forum or a resident thereof or performed some act by which he purposefully availed himself of the privileges of conducting activities in the forum, (2) do the claims arise out of or relate to the defendant's forum-related activities, and (3) is the exercise of jurisdiction reasonable?  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted).  In tort cases, courts analyze "whether a defendant purposefully direct[ed] his activities at the forum state," and apply an "effects test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred in the forum."  *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (citing *Schwarzenegger*, 374 F.3d at 803) (internal quotation marks omitted).  A

defendant purposefully directs conduct at forum where he has "(1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm . . . which is suffered and which the defendant knows is likely to be suffered in the forum state." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir. 2011) (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)); *see also Yahoo! Inc.*, 433 F.3d at 1207 (clarifying that the "'brunt' of the harm need not be suffered in the forum state"). Although Plaintiff specifically alleges in its proposed amended complaint that tortious acts were directed at Arizona (Doc. 14-1, ¶ 6), Defendants' response does not address the issues of purposeful direction or express aiming. Accordingly, the Court cannot conclude on the basis of Defendants' arguments that Plaintiff's amendment would be futile.

Defendants also contend that Plaintiff's amendments would be futile based on the doctrine of *forum non conveniens*, which they assert requires dismissal of this case. Doc. 20 at 3-4. "To prevail on a motion to dismiss based upon *forum non conveniens*, a defendant bears the burden of demonstrating an adequate alternative forum, and that the private and public interest factors favor dismissal." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011) (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002)). An alternative forum is adequate if: "(1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy." *Carijano*, 643 F.3d at 1225 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)). Although Defendants have stated that "they would consent to jurisdiction in Austria if Plaintiff filed these claims in that jurisdiction" (Doc. 20 at 4), they have not presented any arguments or evidence on the issue of whether Austria would offer a satisfactory remedy. Defendants therefore have failed to show that Plaintiff's amended complaint would be dismissed on *forum non conveniens* grounds. The Court will grant Plaintiff leave to amend.

/ / /

**III.     Motion to Dismiss and Request for Summary Adjudication.**

The Court will also deny Defendants' motion to dismiss and deny as moot its accompanying request for summary adjudication.  Defendants' motion to dismiss seeks dismissal on the basis of lack of personal jurisdiction, *forum non conveniens*, and lack of standing.  *See* Doc. 9.  Defendants' *forum non conveniens* argument fails for the reasons outlined above, namely that Defendants have not demonstrated that Austria is an adequate alternative forum.

Defendants' personal jurisdiction argument fails in light of Plaintiff's proposed amendments.  Plaintiff has alleged that Defendants conspired with Mr. Ötzlinger "to intentionally harm" both Plaintiff and its Austrian subsidiary.  Doc. 14-1, ¶ 19.  Plaintiff further alleges that Mr. Ötzlinger attempted to disrupt Plaintiff's relationships with customers, suppliers, and business partners (*id.*, ¶ 34), and that Defendants knew these "intentional acts would affect [Plaintiff] in Arizona" (*id.*, ¶ 6).  Plaintiff has thus alleged that Defendants' tortious conduct targeted it in Arizona.  As noted above, Defendants have not addressed the Ninth Circuit's purposeful direction standard.

With regard to the issue of standing, Plaintiff alleges in its amended complaint that it has suffered harm separate from that suffered by its subsidiary (Doc. 21 at 2, citing Doc. 14-1, ¶¶ 19, 34, 59) and that it is the assignee of any claims against Defendants belonging to its subsidiary (Doc. 14-1, ¶ 55).   These allegations are sufficient for standing.  The Court must therefore deny Defendants' motion to dismiss.

The Court will deny the request for summary adjudication because Plaintiff's motion to amend sufficiently addressed the issues raised in Defendants' motion to dismiss.

**IT IS ORDERED:**

1.     Defendants motion to dismiss (Doc. 9) is **denied**.

2.     Plaintiff's motion for leave to file a first amended complaint (Doc. 14) is **granted**.   Plaintiff shall file its amended complaint on or before **March 13, 2014**.

3.      Defendants' request for summary adjudication (Doc. 15) is **denied** as moot.

Dated this 6th day of March, 2014.

_____
David G. Campbell
United States District Judge